Mark T. Flewelling (#96465)
mflewelling@afrct.com
Fred Hickman (#124406)
fhickman@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN
  CAMPBELL & TRYTTEN, LLP
199 South Los Robles Avenue, Suite 600
Pasadena, CA 91101-2459
(626) 535-1900
(626) 577-7764 (Facsimile)

Attorneys for Defendants
WORLD SAVINGS BANK, FSB,
renamed and now known as
WACHOVIA MORTGAGE, FSB, sued as
WORLD SAVINGS BANK and
GOLDEN WEST SAVINGS ASSOCIATION
SERVICE CO., sued as GOLDEN WEST
SAVINGS ASSOCIATION.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMELYN B. GARNER,<br><br>            Plaintiff,<br><br>    vs.<br><br>WORLD SAVINGS BANK; GOLDEN WEST SAVINGS ASSN.<br><br>            Defendants. | Case No. 08 CV 0847 DMS(WMc)<br><br>ANSWER OF WACHOVIA MORTGAGE F.S.B. AND GOLDEN WEST SAVINGS ASSOCIATION SERVICE CO. |

COMES NOW, defendant WORLD SAVINGS BANK, FSB, renamed and now known as WACHOVIA MORTGAGE, FSB, sued as WORLD SAVINGS BANK, and GOLDEN WEST SAVINGS ASSOCIATION SERVICE CO., sued as GOLDEN WEST SAVINGS ASSOCIATION ("Defendants"), and answers the "Verified Complaint" of Plaintiff ROMELYN B. GARNER ("Complaint"):

/ / /

/ / /

**STATEMENT OF JURISDICTION AND VENUE**

1. Responding to Paragraph 1 of the Complaint: Defendants admit that the Complaint is allegedly filed under the Truth in Lending Act; Defendant denies that Plaintiff has an action for damages arising under 15 United States Code section 45, which regards the Federal Trade Commission's authority to regulate unfair trade practices; and, as to the remainder of the allegations contained in Paragraph 1, Defendants are without knowledge or information sufficient to form a belief as to their truth, and on that basis deny each and every remaining allegation contained therein.

2. Defendants admit the allegations contained in Paragraph 2 of the Complaint.

**PARTIES**

3. Defendants admit the allegation contained in paragraph 3 that Plaintiff is a natural person; and, as to the remainder of the allegations contained in the said paragraph, Defendants are without knowledge or information sufficient to form a belief as to their truth, and on that basis deny each and every remaining allegation contained therein.

4. Responding to paragraph 4 of the Complaint, Defendants admit that WORLD SAVINGS BANK, FSB, was renamed and now is known as WACHOVIA MORTGAGE, FSB, a federal savings association organized under the laws of the United States of America, and that it is engaged in the business of mortgage finance transaction, and that it does business at the location of 4101 Wiseman Boulevard, San Antonio, Texas, among other places, and that GOLDEN WEST SAVINGS ASSOCIATION SERVICE CO. is a corporation organized under the laws of the State of California, that it is a trustee under a Deed of Trust dated December 20, 2007, and recorded as instrument number 2006-0924188 on December 29, 2006 in the San Diego County Recorder's Office, encumbering the real property commonly known as 1788 Sherbrooke St., San Diego, California ("DEED OF TRUST"), and

1  that it received mail at a P.O. Box 34957, San Antonio, Texas; and, as to the
2  remainder of the allegations contained in the said paragraph, Defendants are without
3  knowledge or information sufficient to form a belief as to their truth, and on that
4  basis deny each and every remaining allegation contained therein.

## GENERAL ALLEGATIONS

5.    The Complaint omits a paragraph 5.

6.    Responding to paragraph 6 of the Complaint, Defendants admit that Defendant WACHOVIA MORTGAGE, FSB extends credit to consumers, meaning individuals, in the ordinary course of business that involves finance charges; Defendants deny that GOLDEN WEST SAVINGS ASSOCIATION SERVICE CO. extends credit to consumers, meaning individuals, in the ordinary course of business that involves finance charges; and, as to the remainder of the allegations contained in the said paragraph, Defendants are without knowledge or information sufficient to form a belief as to their truth, and on that basis deny each and every remaining allegation contained therein, as the remainder of the allegations are not contained in the Complaint with which Defendants were served, page 4 having been omitted therefrom.

7.    Responding to paragraph 7 of the Complaint, if it includes any, Defendants are without knowledge or information sufficient to form a belief as to their truth, and on that basis deny each and every allegation contained therein, as those allegations are not contained in the Complaint with which Defendants were served, page 4 having been omitted therefrom.

8.    Responding to paragraph 8 of the Complaint, if it includes any, Defendants are without knowledge or information sufficient to form a belief as to their truth, and on that basis deny each and every allegation contained therein, as those allegations are not contained in the Complaint with which Defendants were served, page 4 having been omitted therefrom.

///

9. Responding to paragraph 9 of the Complaint, if it includes any, Defendants are without knowledge or information sufficient to form a belief as to their truth, and on that basis deny each and every allegation contained therein, as those allegations are not contained in the Complaint with which Defendants were served, page 4 having been omitted therefrom.

10. Responding to paragraph 10 of the Complaint, Defendants admit that the security interest created by the DEED OF TRUST (defined above), was not created to finance the acquisition or initial construction of the real property security for the loan to Plaintiff secured by the DEED OF TRUST; and, as to the remainder of the allegations contained in the said paragraph, Defendants are without knowledge or information sufficient to form a belief as to their truth, and on that basis deny each and every remaining allegation contained therein.

## FIRST CAUSE OF ACTION

11. Responding to paragraph 11 of the Complaint, Defendants admit that the copy of the Deed of Trust attached as part of Exhibit "B" thereto is a true and correct copy of the printed text of the DEED OF TRUST; and, as to the remainder of the allegations contained in the said paragraph, Defendants are without knowledge or information sufficient to form a belief as to their truth, and on that basis deny each and every remaining allegation contained therein.

12. Responding to paragraph 12 of the Complaint, Defendants deny that 12 Code of Federal Regulations ("C.F.R.") section 226.23 which is part of Regulation Z applies to Defendant WACHOVIA MORTGAGE, FSB, as regulations of the Office of Thrift Supervision at 12 C.F.R. §560.210 excludes section 226.23; and as to the remainder of the allegations contained in the said paragraph, Defendants are without knowledge or information sufficient to form a belief as to their truth, and on that basis deny each and every remaining allegation contained therein.

///

1   13.   Responding to paragraph 13 of the Complaint, Defendants deny that Plaintiff did not receive the forms of notice for a right of rescission pursuant to 15 United State Code ("U.S.C.") section 1635(a); Defendants deny that 12 Code of Federal Regulations ("C.F.R.") section 226.23 which is part of Regulation Z applies to Defendant WACHOVIA MORTGAGE, FSB, as regulations of the Office of Thrift Supervision at 12 C.F.R. section 560.210 excludes 12 C.F.R. section 226.23; and as to the remainder of the allegations contained in the said paragraph, Defendants are without knowledge or information sufficient to form a belief as to their truth, and on that basis deny each and every remaining allegation contained therein.

14.   Responding to paragraph 14 of the Complaint, Defendants deny that the document attached as Exhibit "C" contains all or any part of the truth in lending disclosure for the loan which the Complaint has described as the "consumer credit transaction" involving "Plaintiff's homes" (See Complaint paragraph 1 for apparent definition), as the Exhibit "C" refers to a transaction date of March 3, 2005 and a different loan number than referenced in the Deed of Trust attached as Exhibit "B;" and as to the remainder of the allegations contained in the said paragraph, Defendants are without knowledge or information sufficient to form a belief as to their truth, and on that basis deny each and every remaining allegation contained therein.

15.   Responding to paragraph 15 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to their truth, and on that basis deny each and every allegation contained therein.

16.   Responding to paragraph 16 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to their truth, and on that basis deny each and every allegation contained therein.

17.   Responding to paragraph 17 of the Complaint, Defendants deny each and every allegation contained therein.

18. Responding to paragraph 18 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to their truth, and on that basis deny each and every allegation contained therein; and, further deny that the Plaintiff has a right to rescission at this or any future time.

19. Responding to paragraph 19 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to their truth, and on that basis deny each and every allegation contained therein; and, further deny that the Plaintiff has a right to rescission at this or any future time.

20. Responding to paragraph 20 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to their truth, and on that basis deny each and every allegation contained therein; and, further deny that the Plaintiff has a right to a return of any money or property transferred to Defendants.

21. Responding to paragraph 21 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to their truth, and on that basis deny each and every allegation contained therein; and, further deny that the Plaintiff has a right to a return of any money or property transferred to Defendants, or that Plaintiff has a right to rescission at this or any future time, or that Defendants are liable to Plaintiff whatsoever for the damages and remedies described in that paragraph.

22. As to Plaintiff's prayer for relief at page 10 line to page 12 line 6, Defendants are without knowledge or information sufficient to form a belief as to their truth, and on that basis deny each and every allegation contained therein; and, further, Defendants deny each and every part of the prayer for relief and deny that Plaintiff is entitled to any damages, relief, or judgment of any kind in her favor.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim for Relief)

23. The Complaint fails to state a claim for relief against Defendants.

## SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations as to TILA Damages Claim)

24. The Complaint for damages for alleged violation of the Truth in Lending Act, codified at 15 United States Code section 1601 *et seq.* is barred by the one year statute of limitations found at 15 United States Code section 1640(e), as the loan was made on or about December 29, 2006 and this suit was filed May 12, 2008.

## THIRD AFFIRMATIVE DEFENSE

(Extinguishment of Right to Rescind Pursuant to TILA)

25. Defendant WACHOVIA MORTGAGE, FSB, is informed and believes and thereon alleges that the Complaint for rescission of the loan transaction and security therefore is barred by the Plaintiff's failure to rescind within three days of the consummation of the loan transaction, as a notice of a right of rescission was delivered to Plaintiff on or before the transaction consummated on or about December 29, 2006.

## FOURTH AFFIRMATIVE DEFENSE

(Laches—TILA Rescission Claim)

26. Defendant WACHOVIA MORTGAGE, FSB is informed and believes and thereon alleges that Plaintiff's claims are barred by substantial delay in asserting that she exercised a right of rescission, to the substantial detriment and prejudice of Defendant, due to the first assertion of this claim more than one year after the loan transaction consummated and after the filing and service of the Notice of Default and Election to Sell under the DEED OF TRUST, and rescission is therefore barred by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

(Lack of Clean Hands)

27. Defendant WACHOVIA MORTGAGE, FSB will undertake an investigation of the financial information submitted by Plaintiff and her co-borrower which were used as part of the underwriting for determination whether to make the

loan, and should it be found that such information was materially inaccurate and which resulted in the making of a loan which otherwise would not have been made, that Plaintiff would have committed inequitable conduct which would constitute unclean hands in connection with this transaction and would therefore be barred from the relief requested.

### SIXTH AFFIRMATIVE DEFENSE
(Equitable Estoppel)

28.  Defendant WACHOVIA MORTGAGE, FSB will undertake an investigation of the financial information submitted by Plaintiff and her co-borrower which were used as part of the underwriting for determination whether to make the loan, and should it be found that such information was materially inaccurate and which resulted in the making of a loan which otherwise would not have been made, then the Complaint would be barred by the acts, omissions, representations and course of conduct of Plaintiff, by which Defendant was led to rely to its detriment, thereby barring, under the doctrine of equitable estoppel, any claims for relief asserted by Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE
(Failure to Join the Necessary Parties)

29.  Plaintiff has failed to join a necessary party, her co-borrower on the loan transaction alleged in the complaint and the co-trustor on the DEED OF TRUST, to wit: Tommy Garner.

### EIGHTH AFFIRMATIVE DEFENSE
(No Privity Between Plaintiff and Defendant GOLDEN WEST)

30.  Plaintiff and Defendant GOLDEN WEST SAVINGS ASSOCIATION SERVICE CO. are not in privity of contract as to the loan on which Plaintiff claims rescission rights and damages, as it did not make the loan but whose only connection to the transaction was and is as the trustee designated under the DEED OF TRUST.

///

## NINTH AFFIRMATIVE DEFENSE

(No Federal Statutory Duty as to Defendant GOLDEN WEST)

31. Defendant GOLDEN WEST SAVINGS ASSOCIATION SERVICE CO. had no statutory duty in connection with making disclosures or providing notice of a right of rescission, pursuant to 15 United States Code section 1601 *et seq.*, or the federal Regulation Z, codified at 12 C.F.R. Part 226, as its only connection to the transaction is as the trustee designated under the DEED OF TRUST.

## TENTH AFFIRMATIVE DEFENSE

(Unstated Affirmative Defenses)

32. Defendants allege that at this time they have insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available, Defendants therefore reserve herein the right to assort additional affirmative defenses in the event that discovery indicates that they would be appropriate.

## PRAYER

WHEREFORE, Defendants prays for entry of judgment as follows:

1. That Plaintiff take nothing by way of her Complaint;
2. That Plaintiff's complaint be dismissed with prejudice;
3. For an award of attorneys fees and costs in an amount according to proof, pursuant to the DEED OF TRUST Section 7, and of Section 7 (E) of the underlying loan obligation, the "Adjustable Rate Mortgage Note," dated December 20, 2006.
3. For costs of suit; and,

///
///
///
///
///

1     4.   For such other and further relief as the Court may deem proper and/or just.

DATED: June 10, 2008     ANGLIN, FLEWELLING RASMUSSEN, CAMPBELL & TRYTTEN, LLP

    s/ Frederick J. Hickman
Frederick J. Hickman, Esq.
e-mail: fthickman@afrct.com
Attorneys for Defendants
WACHOVIA MORTGAGE, FSB, sued as
WORLD SAVINGS BANK and
GOLDEN WEST SAVINGS ASSOCIATION
SERVICE CO.